UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RITA PATRICK,

                                 Plaintiff,

        -against-

LOCAL51, AMERICAN POSTAL WORKERS
UNION, AFL-CIO et al,

                                 Defendants.

---

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/3/2021
```

19-cv-10715 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        Plaintiff Rita Patrick ("Plaintiff"), a member of Local 51, American Postal Workers Union

("APWU"), AFL-CIO ("Local 51" or the "Union"), brings this action against the Union and its

President, Shanequa Johnson-Duggins ("Johnson-Duggins") (together, "Defendants") pursuant to

the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. §§ 411-

415, 529.  Plaintiff alleges that Defendants removed her from an elected shop steward position in

violation of the free speech, due process, and anti-retaliation provisions of the LMRDA.

(Compl., ECF No. 1.)  Plaintiff also alleges breach of contract under state law.  (*Id.*)

        Before the Court are objections to two of Magistrate Judge Davison's orders.  (ECF Nos.

112 & 113.)  For the following reasons, Plaintiff's objections are OVERRULED, and Defendants'

objections are SUSTAINED in part and OVERRULED in part.

## BACKGROUND

        The Court assumes familiarity with the factual background of this case, as delineated in

the Court's February 11, 2020 Opinion and Order denying Plaintiff's application for a temporary

restraining order and preliminary injunction.  (ECF No. 33.)  In short, Plaintiff alleges that, on or

about November 13, 2019, Johnson-Duggins improperly suspended her from her elected position

as shop steward for Local 51.   (*See* Compl. ¶¶ 28, 31-35.)  Plaintiff maintains that she was suspended because she raised concerns about alleged financial discrepancies and irregularities in Local 51's bank accounts.  (*Id*. ¶¶ 20-23, 29, 33.)

I.       *Plaintiff's Amended Complaint*

Plaintiff commenced this action *pro se* on November 19, 2019 asserting seven causes of action.  (*See id*.) Plaintiff subsequently retained an attorney who filed a notice of appearance on December 23, 2019.  (ECF No. 4.)  Defendants failed to answer the Complaint, the Clerk of Court filed proposed certificates of default (ECF Nos. 13 & 14), and Plaintiff moved for a default judgment (ECF No. 15).  Defendants then filed a joint Answer that same day.  (ECF No. 16.)  On March 11, 2020, Defendants moved to vacate the certificates of default (ECF No. 34), which this Court granted on May 6, 2020 (ECF No. 46).

On June 5, 2020, the parties filed a proposed case management plan, (ECF No. 48), which included a deadline for amended pleadings of "45 days after the Court's decision on Plaintiff's Motion for Reconsideration" of the Court's order vacating the certificates of default, which was filed on July 28, 2020.  (ECF No. 49.)  This Court denied the motion for reconsideration on March 22, 2021 and ordered the parties to file a revised proposed case management plan.  (ECF No. 56).  The parties filed the revised plan on April 5, 2021, which set a deadline to file amended pleadings by May 6, 2021.  (ECF No. 57.)  This Court endorsed this plan on May 10, 2021.  (ECF No. 60.)  The case was then referred to Magistrate Judge Davison for pretrial proceedings.  (ECF No. 59.)

On June 3, 2021, Plaintiff filed a letter motion seeking an extension of time to file an amended complaint.  (ECF No. 65.)  On June 17, 2021, Judge Davison denied the letter motion, but granted Plaintiff leave to file a motion to amend with a proposed amended complaint.  (ECF No. 69.)  On June 24, 2021, Plaintiff filed the motion with a proposed amended complaint

("Proposed Amended Complaint") that included additional facts, omitted the previous seven causes of action, and asserted three new claims for (1) violations under Section 102 of the LMRDA; (2) breach of contract under Section 301 of the Labor-Management Relations Act ("LMRA"); and (iii) breach of fiduciary duty under Section 501 of the LMRDA. (ECF Nos. 70 & 71.) Defendants opposed this motion on July 8, 2021 (ECF No. 75). Oral argument was held on July 26, 2021, and the parties subsequently submitted letters discussing the issues. (ECF Nos. 82 & 83.) On August 18, 2021, Judge Davison issued an order (the "Order") granting Plaintiff leave to file an amended complaint, but denying her leave to add one of her claims for breach of fiduciary duty. (ECF No. 98.) On August 26, 2021, Defendants requested additional time to file objections to Judge Davison's Order (ECF No. 103), which the Court granted (ECF No. 105). On September 10, 2021, Defendants filed objections to the Order. (ECF No. 113.) Plaintiff then filed an opposition to the objections on September 23, 2021. (ECF No. 117.)

## II.     The Confidentiality Order

On June 4, 2021, Plaintiff served her first request for the production of documents, seeking "minutes and recordings of all Executive Board and membership meetings from January 1, 2019 to the present." (Defendants' Response to Plaintiff's Objections to Magistrate Judge's August 19, 2021 Discovery Ruling ("Defs.' Opp.") ECF No. 114 at 1.) Defendants objected, but produced the minutes for any meetings where "Local's accounts and POWER conference expenditures were discussed" and stated Plaintiff was welcome to listen to the recordings. (*Id*. at 1-2.) On July 24, 2021, Plaintiff filed a motion to compel Defendants' production of all meeting minutes from January 1, 2019 to the present. (ECF No. 80.) Defendants responded on August 2, 2021, (ECF No. 86), and Plaintiff replied on August 10, 2021 (ECF No. 89). On August 19, 2021, the parties had a discovery hearing before Judge Davison. (Defs.' Opp. at 3.) During the hearing, Judge

Davison heard oral arguments and held that Plaintiff is only entitled to discovery of the meeting minutes for the period of March 2019 to November 2019 and any other meetings at which Plaintiff's suspension was discussed.  (*Id*.)  He also directed the parties to submit a joint proposed confidentiality order concerning the recordings that would preclude disclosure of their contents. (*Id*.)  The parties were unable to reach an agreement on confidentiality.  (*Id*. at 4.)  On August 27, 2021, Defendants submitted a proposed confidentiality order.  (ECF No. 106.)  Plaintiff then filed objections to Judge Davison's oral order on September 9, 2021.  (ECF No. 112.)[1]  Defendant filed an opposition to the objections on September 13, 2021.  (ECF No. 114.)

## STANDARD OF LAW

District courts may designate a magistrate judge to hear and decide a pretrial matter that is "not dispositive of a party's claim or defense."  Fed. R. Civ. P. 72(a).[2]  Under Rule 72, a district court judge reviews a magistrate judge's resolution of these pretrial matters under the "clearly erroneous or . . . contrary to law" standard.  *Id*.  A decision is clearly erroneous where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC*, 623 F. App'x 7, 12 (2d Cir. 2015) (citing *N.Y. Progress & Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted)).  A magistrate judge's ruling

---

[1] Plaintiff initially attempted to file her objection on August 28, 2021 but received an error message from ECF.  (ECF No. 108.)

[2] While "the proper classification as dispositive or non-dispositive of a motion for leave to file an amended complaint is not settled within the Second Circuit," the "'weight of authority' within this Circuit classifies a motion to amend a pleading as non-dispositive," and "the Second Circuit has stated . . . that motions to amend are non-dispositive." *Rivers v. New York City Hous. Auth.*, 11-CV-5065 (KAM) (MDG), 2014 U.S. Dist. LEXIS 206045, at *9–10 (E.D.N.Y. Nov. 17, 2014) (discussing *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) and *Kilcullen v. N.Y. State Dep't of Transp.*, 55 F. App'x 583, 584 (2d Cir. 2003)).  For these reasons, the Court will treat Plaintiff's motion to amend as non-dispositive.  *See, e.g., ICM Controls Corp. v. Honeywell Int'l, Inc.*, 2019 WL 7631075, at *7 n.5 (N.D.N.Y. Dec. 3, 2019) (evaluating the plaintiffs' motion to amend under Rule 72(a) where the Court evaluated the futility of plaintiff's supplemental pleading).

is contrary to law if it "fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure." *Thai Lao Lignite (Thail.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (internal citation omitted).

"A showing that 'reasonable minds may differ on the wisdom of granting the [moving party's] motion' is not sufficient to overturn a magistrate judge's decision." *Edmonds v. Seavey*, No. 08 Civ. 5646(HB), 2009 WL 2150971, at *2 (S.D.N.Y. July 20, 2009) (citing *Cagle v. Cooper Cos., Inc.*, 91 Civ. 7828 (HB), 1996 WL 514864, at *1 (S.D.N.Y. Sept. 10, 1996)). This standard is "highly deferential, and magistrate judges are afforded broad discretion in resolving nondispositive disputes; reversal is appropriate only if their discretion is abused." *Rouviere v. DePuy Orthopaedics, Inc.*, 18-cv-4814 (LJL), 2021 WL 4255042, at *3 (S.D.N.Y. Sept. 17, 2021). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *Samad Bros., Inc. v. Bokara Rug Co.*, Inc., No. 09 Civ. 5843(JFK), 2010 WL 5095356, at *1 (S.D.N.Y. Dec. 13, 2010) (internal citation omitted).

## DISCUSSION

### I.    Plaintiff's Objections

Plaintiff asserts three objections to Judge Davison's oral order. Plaintiff avers that Judge Davison erred by (i) ruling that audiotapes, videotapes, and minutes of the meetings are confidential and privileged; (ii) infringing on the freedom of speech of union members and preventing effective advocacy; and (iii) limiting the relevant time period. (Plaintiff's Objections to Magistrate Judge's Recommendations Regarding Discovery Dispute – Confidentiality Order ("Pl.'s Obj.") ECF No. 112 at 4-9.) The Court will review each objection to the oral order in turn.

a. *Confidentiality*

5

Plaintiff first avers that Judge Davison erred by requiring the parties to file a joint confidentiality agreement that would cover the tapes and minutes of the Board meetings. (Pl.'s Obj. at 4-5.)

Rule 26(c)(1) of the Federal Rules of Civil Procedure permits a party to move for a protective order to prevent or limit the disclosure of confidential information. Fed. R. Civ. P. 26(c)(1). The Rule provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*.; *Gambale v. Deutsche Bank AG*, 377 F. 3d 133, 142 (2d Cir. 2004). "The party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale*, 377 F.3d at 142. "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (internal quotation marks and citation omitted). Once the moving party has established good cause for entry of a protective order, "the court ultimately weighs the interests of both sides in fashioning an order." *Duling v. Gristede's Operating Corp*., 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (citations omitted).

Plaintiff first argues that union communications are not privileged, as courts have declined to recognize a common law privilege that would shield them. (Pl.'s Obj. at 5.) However, as made clear in Defendants' response, they never sought to withhold the minutes or recordings based on any privilege. (Defs.' Opp. at 3 n.4; 8.) Instead, Defendants aver they have an interest in maintaining the confidentiality of meetings to "encourage[e] members to express their views and opinions on matters of union concern freely." (*Id*. at 7-8.)

Plaintiff next argues that LMRDA Section 431(c) "explicitly provides for production of the type of information requested."  (Pl.'s Obj. at 6.)  However, this statute does not support her argument.   Section 431 requires labor organizations to file annual financial reports with the Secretary that contain financial information, including (i) assets and liabilities; (ii) receipts; (iii) salary, allowances, and disbursements; and (iv) loans.  29 U.S.C. § 431(b).  Subsection (c) requires each organization to make available to all members the information required to be contained in these reports, and allow any members to review its books, records, and accounts to ensure the accuracy of the reports.  *Id*.  This statute does not impact the confidentiality of the minutes of Board meetings, which contain much broader topics of information than that covered by Section 431.

Accordingly, Plaintiff has not met her burden of showing the Magistrate Judge's decision was contrary to law.

   *b.  Freedom of Speech*

Plaintiff next avers that a confidentiality order that disallows the disclosure of audio and videotapes of union meetings as well as meeting minutes is "repugnant to the LMRDA" as "it infringes upon the freedom of speech of union members and will prevent effective advocacy." (Pl.'s Obj. at 6.)

Plaintiff argues the LMRDA's Bill of Rights is intended to give union members the same rights as the First Amendment, and a confidentiality order that covers the production and disclosure of the tapes and minutes is "far more restrictive than necessary to further the objective of limiting the dissemination of tape recordings of union meetings."  (*Id*. at 7.)  She also discusses Section 411(a)(2) of the LMRDA, which provides that members have a right to make public statements

7

about the operation and management of the union, and therefore there is a public policy in favor

of public statements.  (*Id*. at 6-7.)[3]

Plaintiff's arguments are unpersuasive.  Section 101(a)(2) of the LMRDA includes a

"freedom of speech and assembly" provision for unions.  *United Steelworkers of Am. v. Sadlowski*,

457 U.S. 102, 107 (1982).  The full provision states:

> Every member of any labor organization shall have the right to meet and assemble
> freely with other members; and to express any views, arguments, or opinions; and
> to express at meetings of the labor organization his views, upon candidates in an
> election of the labor organization or upon any business properly before the meeting,
> subject to the organization's established and reasonable rules pertaining to the
> conduct of meetings: *Provided*, That nothing herein shall be construed to impair the
> right of a labor organization to adopt and enforce reasonable rules as to the
> responsibility of every member toward the organization as an institution and to his
> refraining from conduct that would interfere with its performance of its legal or
> contractual obligations.

29 U.S.C. § 411(a)(2).  This provision sweeps less broadly than the First Amendment, as made

clear by the allowance of "reasonable rules."  *Sadlowski*, 457 U.S. at 111.  Union rules are valid

under the provision as long as they are reasonable, they need not pass the tests required under the

First Amendment.  *Id*.  In evaluating the reasonableness of union rules that restrict members' rights

guaranteed by Section 101(a)(2), the critical question is whether the rule is "reasonably related to

the protection of the organization as an institution."  *Id.* at 111–12.

While Section 101(a)(2) may suggest a public policy in favor of union members making

public statements, it is clear that Congress intended this policy to have certain, reasonable limits.

Having parties to a litigation enter into a confidentiality agreement that would prevent the

dissemination of union meeting minutes and tapes is clearly within the realm of reasonable.

---

[3] The majority of this portion of Plaintiff's brief is spent arguing against Defendants' proposed language for
the confidentiality order.  As this has nothing to do with Judge Davison's order, the Court will not consider these
arguments.  The parties were ordered to draft a confidentiality agreement.  If they cannot negotiate and do so on
their own, they must address this issue with Judge Davison.

Accordingly, Plaintiff has failed her burden of showing the Magistrate Judge's decision is contrary to law.

### c. Limited Time Period

Lastly, Plaintiff avers that Judge Davison's decision to limit the production of the audio and videotapes and the meeting minutes is clearly erroneous as it denies her the opportunity of establishing pretext for her claim. (Pl.'s Obj. at 9.) Plaintiff alleges that a previous shop steward was retroactively suspended from February 6, 2019, and therefore the period beginning January 1, 2019 is relevant to evaluate Defendants' defenses. (*Id.*) Further, Plaintiff complains that Judge Davison limited the period of production to "virtually a month after the effective date of the other shop steward's suspension." (*Id.*) However, Plaintiff's Complaint states that meetings are not held in February. (Compl. ¶ 15.) Therefore, the first meeting after the shop steward's suspension would have occurred in March and is therefore included in Judge Davison's oral order.

Accordingly, Plaintiff has failed her burden of showing the Magistrate Judge's decision was clearly erroneous.

## II.   Defendants' Objections

Defendants object to Judge Davison's Order granting Plaintiff leave to file an amended complaint because (i) Plaintiff failed to act with diligence; (ii) Plaintiff failed to show good cause for the proposed Section 501(a) claim; and (iii) Plaintiff cannot include new claims premised upon alleged violations of the APWU Constitution or Local 51 Constitution as they are futile. (Defendants' Objections to August 18, 2021 Memorandum & Order ("Defs.' Obj.") ECF No. 113 at 3-20.) The Court examines each argument separately below.

### a. Due Diligence

Defendants first allege that Judge Davison's holding that Plaintiff acted with diligence in moving to amend her complaint is contrary to law.  (Defs.' Obj. at 3-10.)  As discussed above, Plaintiff filed her proposed amended complaint on June 24, 2021, 49 days after the agreed upon deadline of May 6, 2021.  However, this Court did not endorse that deadline until May 10, 2021, four days after the deadline had passed.   Judge Davison ruled that this was a "unique circumstance," and that Plaintiff acted with reasonable diligence under Rule 16(b) given the circumstances.  (Order at 6.)

Federal Rule of Civil Procedure 15 governs amendments to pleadings.  "A party may amend its pleading once as a matter of course within 21 days of serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  In all other cases, amendments are conditioned on either "the opposing party's written consent or the court's leave"—the latter of which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nonetheless, "[r]easons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party."  *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'")).

But, if during the proceedings the Court enters a Rule 16 scheduling order that further restricts amendments, then "the lenient standard under Rule 15(a) . . . must be balanced against the

requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon

a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal

citations and quotation marks omitted).  Rule 16(b)(4) provides that "[a] schedule may be modified

only for good cause and with the judge's consent," where "'good cause' depends on the diligence

of the moving party." Fed. R. Civ. P. 16(b)(4); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326,

340 (2d Cir. 2000).

Here, Judge Davison analyzed Plaintiff's motion under Rule 16(b) and held that Plaintiff

acted with reasonable diligence as the delay was *de minimis*.  (Order at 5-7.)  This Court holds that

Judge Davison's decision was not contrary to law.  As Judge Davison explained, this was a unique

situation that easily created confusion in the Court's deadlines.  The parties submitted a proposed

scheduling order that was not endorsed until days after the amended pleadings deadline, and also

referred the case to mediation around the same time.  (Order at 6.)

Defendants' arguments to the contrary are unpersuasive.  First, Defendants aver that

Plaintiff acted without diligence as she knew the factual allegations underlying her new claims

before she filed her original complaint.  (Defs.' Obj. at 6.)  They cite to *Salomon v. Adderley

Industries*, *Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013), and *Gullo v. City of New York*, 540 F.

App'x 45, 47 (2d Cir. 2013), to support their argument.  However, these cases are distinguishable

because both involve scheduling orders that were endorsed before the deadline to amend the

pleadings.  *Gullo,* 540 F. App'x. at 47 (holding the district court acting within its discretion in

concluding plaintiffs could not amend the complaint where they waited a month after the endorsed

scheduling order deadline to submit an amended complaint with the excuse that settlement

discussions were ongoing); *Salomon,* 960 F. Supp. 2d at 507 (holding the plaintiff could amend

her complaint past the date of an endorsed scheduling order because she learned new facts in

discovery).   While the plaintiff's knowledge may have impacted the cases upon which the Defendants rely, here Judge Davison found this factor to be "of little import" (Order at 6).   As discussed in the Order, Plaintiff would have had the chance to freely amend her complaint, but for the confusion surrounding the scheduling order.   (*Id.*)   The Court is not convinced that it was contrary to law for Judge Davison to not consider Plaintiff's knowledge of the facts in his analysis.

Next, Defendants aver Judge Davison mistakenly only considered one delay by Plaintiff after May 10, 2021 when the scheduling order was endorsed. (Defs.' Obj. at 8.) Defendants argue Judge Davison should have also considered the "more-than-one-year delay prior to the May 6, 2021 deadline," the additional "four weeks after the May 6 deadline" for the Section 501 claim after Plaintiff filed her letter requesting leave, and the additional "three weeks" before Plaintiff presented her proposed constitutional claims. (Defs.' Obj. at 8-9.) However, this is not clear to this Court.

Any "delay" prior to the May 6, 2021 deadline is irrelevant.  As Judge Davison discussed, Plaintiff would have been entirely within her rights to amend her complaint without leave by May 6, 2021 per the scheduling order. (Order at 6.) Further, the "four-week delay" for the Section 501 claim was exactly the delay Judge Davison considered and correctly concluded was a total of "weeks" and therefore *de minimis*. (*Id.*) Lastly, while Defendants are correct that Plaintiff did not include her proposed constitutional claims in her June 3, 2021 letter, this does not affect Judge Davison's analysis.  Plaintiff's constitutional claims were included in the Proposed Amended

Complaint she filed on June 24, 2021.  This is only an additional delay of one week,[4] which is not

serious enough to reverse Judge Davison's decision.[5]

Accordingly, the Court cannot find that Judge Davison's holding was contrary to law.

b.  *Section 501(b)*

Plaintiff's proposed Section 501(b) claim is for breach of fiduciary duty related to

payments for expenses incurred during Local 51's participation in a union-related conference held

in August of 2019.  (Order at 13-14.).

Section 501(b) states:

> When any officer, agent, shop steward, or representative of any labor organization
> is alleged to have violated the duties declared in subsection (a) and the labor
> organization or its governing board or officers refuse or fail to sue or recover
> damages or secure an accounting or other appropriate relief within a reasonable
> time after being requested to do so by any member of the labor organization, such
> member may sue such officer, agent, shop steward, or representative in any district
> court of the United States or in any State court of competent jurisdiction to recover
> damages or secure an accounting or other appropriate relief for the benefit of the
> labor organization.  *No such proceeding shall be brought except upon leave of the
> court obtained upon verified application and for good cause shown*, which
> application may be made ex parte.

29 U.S.C. § 501(b) (emphasis added).  To show good cause under this statute, Plaintiff "must show

a reasonable likelihood of success and, with regard to any material facts he alleges, must have a

reasonable ground for belief in their existence."  *Dinko v. Wall*, 531 F.2d 68, 75 (2d Cir. 1976).

Plaintiff alleges that the payment of the expenses incurred during the convention were not

authorized by Local 51.  (Defs.' Obj. at 12.)

---

[4] Plaintiff filed her letter requesting leave to amend her complaint on June 3, 2021, which the Court denied with leave to file a formal motion on June 17, 2021.  The time between these two events should not be counted against Plaintiff.

[5] Defendants also point to Judge Davison's discussion of Plaintiff filing her complaint *pro se*.  While Defendants are correct that Plaintiff's original complaint was drafted "in whole, or substantial part, by an attorney," (ECF No. 1 at 9), this does not change the Court's analysis.  Judge Davison did not use this to support his ruling that Plaintiff acted with diligence, instead explaining that the Proposed Amended Complaint benefits from counsel's expertise (Order at 8), which will assist both Defendants and the Court participate in the litigation.

Defendants aver that Judge Davison erred by finding Plaintiff showed good cause for her Section 501(b) claim.  (*Id*. at 10.)  Specifically, they argue that Judge Davison erred by concluding "[w]hether the expense was 'authorized' is a question of fact."  (*Id*. at 12.)  The parties point to separate clauses of the Local 51 Constitution.  Defendants allege Judge Davison should have analyzed Article 13, which states "[t]he Union *shall* pay *all* expenses and loss of pay incurred by officers participating in Union business except as otherwise stated.  (UNION EXPENSES)."  (*Id*.)  In response, Plaintiff avers the expenses were unauthorized, and points to Article 16, which states "[t]he general membership will approve unauthorized expenses in excess of $1500.00 at a regular membership meeting by a simple majority of those present and voting."  (Plaintiff's Response to Defendants' Objections to August 18, 2021 Memorandum and Order ("Pl.'s Opp.") ECF No. 117 at 11-12.)

The Court holds that Judge Davison erred by failing to resolve the "question of fact" of whether the funds were authorized or not under the Local 51 Constitution.  The Court may analyze questions of fact when determining good cause under Section 501(b).  Under Section 501(b), a plaintiff must make a factual showing that is less demanding than what would be required to defend against a summary judgment motion.  *Gillis v. Wilhelm*, No. 09 CV 1116(GBD), 2010 WL 1375167, at *3 (S.D.N.Y. Mar. 29, 2010) (citing *Dinko*, 531 F.2d at 75).  "If an undisputed affidavit . . . establishes a fundamental legal defect in the action, . . . good cause is not shown," but if "a genuine dispute as to a material fact would bar summary judgment . . . such a dispute is beyond the scope of a proceeding to determine whether a section 501(b) complaint may be filed."  *Dinko*, 531 F.2d at 75 (internal citations and quotation marks omitted).  The factual showing is "somewhat less" than the standard required under a motion for summary judgment.[6]  *Id*.

---

[6] Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if "there is no genuine issue as to any material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "[G]enuineness runs to whether

Further, while courts generally only consider the complaint in determining a motion to amend, *Estate of Ratcliffe v. Pradera Realty Co.,* 05 Civ. 10272 (JFK), 2007 WL 3084977, at *6 (S.D.N.Y. Oct 19, 2007), in determining whether good cause exists for Section 501(b) claims, "the district judge is not limited to the face of the complaint, if he chooses to go beyond it."  *Dinko*, 531 F.2d at 74; *see also Moran v. Flaherty*, No. 92 Civ. 3200 (PKL), 1993 WL 60898, at *6 (S.D.N.Y. Feb. 26, 1993) ("In determining whether good cause exists for plaintiffs' [Section 501(b)] claims, the Court may consider matters outside the complaint.").

Based on its review of the Local 51 Constitution, the Court finds that Plaintiff has failed to show good cause under Section 501(b).  Under either constitutional article discussed by the parties, Plaintiff's claim does not have a reasonable likelihood of success.  First, Defendants allege that the convention expenses are authorized expenses under the Local 51 Constitution.  (Defs.' Obj. at 12.)  They discuss Article 13, which allows union business to be paid for out of union funds and argue that attendance at a national union convention is clearly union business under this Article. (*Id.*)  As discussed in Defendants' objection, "[a] union's interpretation of its own constitution is entitled to great deference in order to avoid interference with internal union affairs . . . and . . . will be upheld unless patently unreasonable."  *Tusino v. Int'l Bhd. Of Teamsters*, 38 F. App'x 91, 93 (2d Cir. 2002).  Providing deference to this interpretation, the Court finds that the expenses alleged by Plaintiff to be fraudulent were authorized under the Local 51 Constitution.

Second, Plaintiff points to the Declaration of Shonequa Johnson-Duggins (ECF No. 30) to argue that the expenses were unauthorized because she did not obtain approval at a regular

---

disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). The moving party may support an assertion that there is no genuine dispute of a particular fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

membership meeting.  (Pl.'s Opp. at 12.)  However, that same Declaration shows that Johnson-Duggins received the required approval from the general membership at the Executive Board and membership meetings in September of 2019.  (ECF No. 30 at 39-41.)  Plaintiff attempts to avoid this fact by pointing to her allegations in the Proposed Amended Complaint, which state that at this meeting, Johnson-Duggins stated she did not need the membership's approval.  (Pl.'s Opp. at 13.)  However, Plaintiff alleges this claim was made at the October 3, 2019 general membership meeting, not the September meeting discussed by the Declaration of Johnson-Duggins.  (Amended Compl. ¶ 21.)  Plaintiff makes no mention of the September meeting.  Therefore, the Court finds that the expenses for the conference were approved by the general membership at a meeting, which is the required process under the Local 51 Constitution for unauthorized expenses.

Accordingly, the Court finds that Judge Davison's holding was contrary to law and dismisses Plaintiff's Section 501(b) claim for lack of good cause.

### c.  *Violations of the Constitutions*

Lastly, Defendants aver that Judge Davison erred by allowing Plaintiff to include new claims based on violations of the APWU and Local 51 constitutions as they consist of conclusory allegations and are therefore futile.  (Defs.' Obj. at 14-16.)  These purported new claims are included in Plaintiff's proposed second cause of action for breach of contract and violation of Section 301 of the LMRA.  (Am. Compl. ¶¶ 72-84.)  Judge Davison held the claims were not futile because viewing the allegations in Plaintiff's favor, the Proposed Amended Complaint contains sufficient facts to state plausible claims.  (Order at 11-13.)

Leave to amend a complaint may be denied "on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (quoting

*Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110–11 (2d Cir. 2001)).  In other words, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)," or if the proposed amendments would be insufficient to support Article III standing—a threshold inquiry for courts.  *Lucente v. IBM*, 310 F.3d 243, 258 (2d Cir. 2002); *Treiber v. Aspen Dental Mgmt.*, 94 F. Supp. 3d 352, 367 (N.D.N.Y. 2015).  Thus, a court should deny a motion to amend if it does not contain enough factual allegations, accepted as true, to state a claim for relief that is "plausible on its face" or to demonstrate standing to bring the claim.  *Riverhead Park Corp. v. Cardinale*, 881 F. Supp. 2d 376, 379 (E.D.N.Y. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (denying motion to add claims as futile); *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) ("granting leave to amend would be futile as the barriers to relief for [the alleged] claims cannot be surmounted by reframing the complaint" where plaintiff lacked standing to seek injunctive relief).

As an initial matter, Defendants argue that Judge Davison erred by holding that the Court has subject matter jurisdiction over the proposed claims under Section 301(a) of the LMRA. (Defs.' Obj. at 19 n.8.)  Plaintiff responds that this argument was not brought before Judge Davison, and Defendants should therefore be precluded from asserting it now.  (Pl.'s Obj. at 18.) Generally, arguments not presented to the magistrate judge will not be considered by a reviewing district court.  *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate").  However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional

power to adjudicate it." *Morrison, v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *see also Chamarac Properties, Inc. v. Pike*, No. 86 Civ. 7919 (KMW), 1992 WL 332234, at *15 (S.D.N.Y. Nov. 2, 1992) (considering the defendants' argument that the plaintiff lacked jurisdiction pursuant to Rule 12(h)(3) even though this argument was not raised before the magistrate judge).  Therefore, the Court must examine the Court's subject matter jurisdiction over Plaintiff's proposed second cause of action.

In the Proposed Amended Complaint, Plaintiff states that this Court has federal question jurisdiction for claims arising under "the LMRA under 29 U.S.C. § 185(a)."  (Am. Compl. ¶ 1.) Her proposed second cause of action for breach of contract and violation of section 301 of the LMRA states "[t]he Constitution and Bylaws of Defendant Local 51 constitute a binding and enforceable agreement between Local 51 and its members, including the Plaintiff."  (*Id.* ¶ 73.) Section 301(a) states "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).  "It is well established that a union constitution is considered a contract between labor organizations for the purposes of Section 301 and that a union member may sue under Section 301 for alleged violations of a union constitution."  *Donas v. AFSCME*, 17-cv-1805 (JGK), 2020 WL 1188256, at *4 (S.D.N.Y. Mar. 12, 2020) (citing *Wooddell v. Int'l Bhd. of Elec. Workers, Local 71*, 502 U.S. 93, 99–101 (1991)).  However, [w]hile violations of an international union's constitution (which involves an agreement between the international and its constituent locals) are actionable, violations of a local union's constitution (which involves disputes between an individual member and a union) are not."  *Green v. Brigham,* No. 03-CV-190, 2005 WL 280327,

at *11 (E.D.N.Y. Feb. 3, 2005) (dismissing claims involving violations of the local union's constitution as "not actionable under Section 301").  As the Seventh Circuit made clear:

> Union constitutions have been held to be contracts within the scope of section 301 and members of the union held entitled to sue to enforce the contract-constitution as a third-party beneficiary . . . But in each of these cases it was the constitution of an *international* union that was at issue, and an international union is plausibly conceived as a contractual union of its locals . . . The constitution of a local union . . . is a contract between the union and its members . . . A suit on a contract between a labor organization and a member is not within the scope of section 301.

*Korzen v. Local Union 705*, 75 F.3d 285, 288 (7th Cir. 1996); *see also Dinuzzo v. Local 79, Laborers Int'l Union of North America, AFL-CIO*, No. 03 Civ. 4112 RWS, 2003 WL 21378596, at *3 (S.D.N.Y. June 16, 2003) ("[T]he existence of subject matter jurisdiction pursuant to § 301 turns on whether Dinuzzo alleges a violation of the Local's or the International's Constitution . . . because Dinuzzo alleges a violation of provisions of the Local 79 constitution, there is no jurisdiction pursuant to § 301.").  In her opposition, Plaintiff attempts to argue that she "repeatedly asserts violations of the international union's constitution in her Second Cause of Action."  (Pl.'s Opp. at 18.)  While this may be true, several of the claims only focus on the Local 51 Constitution and By-Laws.  Therefore, the Court does not have subject matter jurisdiction over any claims that only involve the Local 51 Constitution and By-Laws.

However, the Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  The claims must "stem from the same common nucleus of operative fact" and "be such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding."  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (internal citations and quotations omitted).  Here, Plaintiff's claims in the relevant paragraphs all relate to a series of alleged constitutional violations that led to Plaintiff's

19

termination.  Therefore, the Court will exercise supplemental jurisdiction over the 301(a) claims based on violations of the Local 51 Constitution and By-Laws.

Defendants allege the claims made in paragraphs 74 through 78, 80 and 81 of the Proposed Amended Complaint are futile.  The Court will examine each claim individually below.

### i.    Paragraph 74

Plaintiff alleges that "[b]y withdrawing $6,000.00 from Local 51's bank account in violation of Local 51's Constitution and By-Laws, and by not receiving subsequent approval for the withdrawal by the general membership as required by the Constitution and By-Laws, defendant Johnson-Duggins breached its contract with Plaintiff."  This allegation has already been discussed *supra*.  As the Court has found that these funds were approved at a general membership meeting, which is the required process under the Local 51 Constitution, Judge Davison's holding was contrary to law, and this claim is therefore futile.[7]

### ii.    Paragraph 75

Plaintiff alleges "[b]y holding private Executive Board meetings, without notifying all Local 51 members of the date, time and place of such meetings, and by not holding said meetings at a reasonable location that is readily accessible so that all Local 51 members-in-good-standing may attend, and by excluding Local 51 members from the private, 'emergency' Executive Board meetings, defendants violated Articles 8.7.C and 9.1.D of the Local 51 Constitution and By-Laws and breached its contract with Plaintiff."  Defendants argue Plaintiff was not present at these meetings, does not disclose her "source" of the information, and fails to provide evidence that any

---

[7] Under Rule 12(b)(6) standards, the Court may consider "statements or documents incorporated into the complaint by reference." *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  A document is incorporated by reference into the complaint where the complaint "refers to" the document.  *EQT Infrastructure Ltd v. Smith*, 861 F. Supp. 2d 220, 224 n.2 (S.D.N.Y. 2012).  As the Local 51 Constitution and By-Laws are referenced in the Complaint, the Court may review them in determining whether the proposed claims are futile.

communications she received concerning these meetings was not hearsay or credible.  (Defs.' Obj. at 16.)  However, Plaintiff is not required to make these showings to plead a plausible claim at this stage.  Judge Davison found Plaintiff' allegations, taken as true, to violate the Union Constitution and By-Laws, and this Court agrees.

Defendants also allege Plaintiff has failed to allege an injury that is traceable to this alleged violation.  (Defs.' Obj. at 16.)  However, this argument was not presented to Judge Davison, (*see* ECF No. 75 at 16-17), and will not be considered by this Court.  *Ortiz*, 558 F. Supp. 2d at 451.

Accordingly, the claims in paragraph 75 are not futile.

### i. *Paragraph 76*

Plaintiff alleges that "[b]y failing to adhere to Robert's Rules of Order (revised) at the November 14, 2019 Executive Board meeting in violation of Local 51's Constitution and By-Laws, defendant Johnson-Duggins breached its contract with Plaintiff resulting in Plaintiff's unauthorized suspension and ultimate termination from Local 51's shop steward rolls; and Local 51 ratified defendant Johnson-Duggins' unauthorized action; both defendants breaching APWU contracts with Plaintiff."  Defendants allege that Plaintiff (i) fails to explain what occurred that constituted a violation of Robert's Rules or identify any specific Rule that was violated; (ii) fails to cite to any constitutional provision pursuant to which a violation of Robert's Rules would invalidate her suspension; and (iii) fails to cite to any provision of the APWU or Local 51 constitutions that would invalidate a ratification by the Executive Board of her suspension. (Defs.'s Obj. at 16-17.)

At the beginning of the second cause of action, Plaintiff states that she "repeats and realleges all allegations of the foregoing paragraphs as if fully set forth herein."  (Am. Compl. ¶ 71.)  In her opposition, Plaintiff points to paragraphs five through ten for relevant constitutional

provisions that support the alleged violations.  (Pl.'s Opp. at 20.)  This section of the Amended Complaint states, "Article 15.3 [of the APWU Constitution and By-Laws] provides, *inter alia*, that: no disciplinary action shall be taken for violation of any of the provisions of Article 15 of the National Constitution until an accused person has been served with charges, within 120 days, and accorded a full and impartial trial, with the right to appear personally and be represented by any member of the Union, but whether or an attorney," as well as "Article 6.5 [of the Local 51 Constitution and By-Laws] states that 'Roberts Rules of Order (revised) shall be the authority on all questions of procedure not covered by this Constitution.  A copy will be on hand at all meetings of the members and the Executive Board.'"  Taking these allegations together, the Court agrees with Judge Davison that Plaintiff has stated a plausible claim at this stage.  While Plaintiff does not appear to point to any specific portion of Robert's Rules that were breached, her allegation is that the Executive Board meeting did not adhere to Robert's Rules, which is a violation of Article 6.5 of the Local 51 Constitution and By-Laws.

Accordingly, the claims in paragraph 76 are not futile.

   *i.* *Paragraph 77*

Plaintiff next alleges that "[b]y unilaterally establishing a secret committee for the purpose of changing/altering/amending the Local 51 Constitution and By-Laws where the Executive Board did not direct her to do so, the defendants violated Article 10.1 of the Local 51 Constitution and By-Laws and breached the unions' contracts with Plaintiff."  Defendants aver that Plaintiff does not allege a violation of Article 14 of the Local 51 Constitution, which includes the procedures for amendments, and that she lacks standing to assert this claim as she fails to show she suffered an injury.[8]  (Defs.' Obj. at 17-18.)  Article 10.1 of the Local 51 Constitution provides that "[a]

---

[8] While not as explicit, Defendants included in their opposition before Judge Davison that Plaintiff failed to allege "that she was adversely affected either by an establishment of such a committee or by anything such a

committee may be established by the President at the direction of the Executive Board." (Am. Compl. ¶ 9.) While Article 14 of the Constitution may include specifics regarding amendments, Plaintiff's claim is focused on the formation of the "secret" committee in violation of Article 10. Therefore, she is not required to allege any violation of Article 14 to plead a plausible claim.

However, Plaintiff does not have standing to allege this violation of the Local 51 Constitution and By-Laws. Plaintiff responds that the Local 51 Constitution is a contract within Section 301(a), and therefore an individual has standing to sue his or her union and any officers for alleged violations. (Pl.'s Opp. at 19.) As the Court has discussed, violations of a local union's constitution are not actionable under Section 301(a). Therefore, Plaintiff has failed to plead an injury from this alleged action and Judge Davison's ruling was contrary to law.

### ii.     Paragraph 78

Plaintiff next alleges that "[b]y exposing Local 51 to civil liability, by retaliating against and intimidating Executive Board members for submitting affidavits concerning the events of a meeting of the Executive Board held on November 14, 2019, and by removing Plaintiff from her elected shop steward position in retaliation for her protected free speech under the LMRDA, defendant Johnson-Duggins violated Article 15.1 of the APWU National Constitution and By-Laws and breached the unions' contracts with Plaintiff." Defendants aver that Plaintiff fails to allege how Local 51 would be exposed to civil liability, as Article 15 Section 1(d) only includes conduct that would expose *the APWU* to civil liability. (Defs.' Obj. at 18.) The Court agrees.

Article 15 includes offenses that subject members of the APWU to disciplinary action, including "[e]ngaging in conduct that would expose the APWU to civil liability." (ECF No. 76 at Ex. J.) There are no clauses that cover potential civil liability for Local 51, or any other subordinate

---

committee ever did." (Defendants' Memorandum of Law in Opposition to Plaintiff's Application for Leave to Amend Complaint, ECF No. 75, at 17-18.) The Court will interpret this as Defendants' lack of standing argument.

body of the APWU.  Plaintiff fails to address this argument in her opposition.  Therefore, Judge Davison's conclusion was contrary to law, and Plaintiff has failed to plead a plausible breach of contract or violation of Section 301 claim for this allegation.

### iii.    Paragraph 80

Plaintiff alleges that "[b]y failing and refusing to hold a hearing on Plaintiff's Notice of Charges dated March 13, 2020, the defendants have violated Article 15 of the APWU National Constitution and By-Laws, the defendants have breached its contracts with Plaintiff."  Defendants aver that Plaintiff has failed to identify an Article 15 provision that was violated by these actions, failed to identify any obligation Johnson-Duggins had under the APWU Constitution regarding processing charges, and Plaintiff's first charge in the notice of charges is untimely.  (Defs.' Obj. at 18-19.)

Plaintiff includes three clauses from Article 15 of the APWU Constitution in the Proposed Amended Complaint, including Article 15.1(a), 15.1(f), and 15.3.  (Am. Compl. ¶¶ 6-8.)  None of these clauses impose any duty on anyone, including the Defendants, to hold a hearing after a notice of charges has been filed.  Therefore, Plaintiff has failed to plead a plausible breach of contract or violation of Section 301 claim for this allegation.

### i.    Paragraph 81

Lastly, Plaintiff alleges that "[b]y changing the provisions of the Local 51 Constitution and By-Laws in violation of Article 14 of that document, the defendants breached its contracts with [Plaintiff]."  Defendants aver that Plaintiff failed to explain how the Local 51 Constitution was changed and failed to allege she suffered a traceable injury.  (Defs.' Obj. at 19.)

While Article 14 includes a procedure for constitutional amendments, Plaintiff's allegation falls short.  The Proposed Amended Complaint does not specify any provisions of the Local 51

Constitution and By-Laws that were allegedly amended by the Defendants.  Therefore, Plaintiff has failed to plead a plausible breach of contract or violation of Section 301 claim for this allegation.

### CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Davison's oral order are OVERRULED, and Defendants' objections to Judge Davison's Order are SUSTAINED in part and OVERRULED in part.  The Court has dismissed paragraphs 74, 77, 78, 80, and 81 within the proposed second cause of action and the proposed third cause of action in its entirety.  Plaintiff is granted leave to file an amended version of the Proposed Amended Complaint in accordance with this Order by November 18, 2021.  That version of the Proposed Amended Complaint will become the operative complaint in this matter.

Dated:   November 3, 2021                                SO ORDERED:

     White Plains, New York

_____

NELSON S. ROMÁN

United States District Judge