UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Rita Patrick,

                              Plaintiff,

                    - *against* -

Local 51, American Postal Workers Union, AFL-
CIO, and Shanequa Johnson-Duggins, Individually
and as President of Local 51,

                              Defendants.

19 Civ. 10715 (NSR)(PED)

**ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

Defendants' motion to strike [Dkt. 127] is **DENIED WITHOUT PREJUDICE** for

failure to comply with this Court's Individual Practices.

On November 29, 2021, defendants filed a two-sentence letter, in purported compliance

with Rule 2(A) of my Individual Practices, to "advise the Court of [defendants'] anticipated

motion to strike[.]"  On November 30, 2021, the Court entered a memo endorsement rejecting

the filing:

> This letter does not comply with Rule 2(A) as it does not provide
> information regarding "the basis for the anticipated motion" sufficient to
> allow the Court to intelligently determine whether a pre-motion conference
> should be required. Counsel should submit a short letter identifying in some
> manner the allegations which are alleged to be immaterial, and setting forth
> the legal basis on which they should be stricken.

[Dkt. 125.]   That same day, defendants complied with this directive by filing an appropriately-

detailed pre-motion letter. [Dkt. 126.]  Only hours later, however, defendants filed their motion,

without leave of the court and without any determination by the court as to whether a pre-motion

conference would be required. [Dkt. 126.]

Rule 2(A) of my Individual Practices provides as follows:

> **Pre-Motion Procedures in Civil Cases**. For discovery motions, follow Local Civil Rule 37.2. For motions other than discovery motions, the moving party shall file a letter (not a letter-motion) not to exceed three pages in length setting forth the basis for the anticipated motion. The Court will notify the parties if a pre-motion conference is required**.**

For the avoidance of doubt (even though doubt seems implausible in this context), the Rule's reference to "Pre-Motion Procedures" contemplates procedures which occur *before* a motion is filed, not procedures which follow or are concurrent with motion filing.[1]

Accordingly, defendants' motion to strike is **DENIED WITHOUT PREJUDICE.**

Plaintiff shall reply to defendants' pre-motion letter by December 10, 2021.  Counsel should be prepared to address this matter at the previously-scheduled telephonic conference on December 14, 2021.

Dated:  December 2, 2021
      White Plains, NY

SO ORDERED

Paul E. Davison, U.S.M.J.

---

[1] This case is assigned to the Honorable Nelson Stephen Román, who has referred the case to the undersigned for pretrial supervision.  Notably, Judge Román's Individual Practices are even more emphatic on this point:

> A pre-motion conference with the Court is **required before** making any [non-discovery-related] motion, except motions for admission pro hac vice, motions in limine, motions for reargument or reconsideration, and motions for temporary restraining orders or preliminary injunctions.

Rule 3(A)(ii), Individual Practices of the Honorable Nelson Stephen Román [emphasis added.]

2