UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RITA PATRICK,

                Plaintiff,

                                                      No. 19 CV 10715 (NSR) (PED)

    -versus-

LOCAL 51, AMERICAN POSTAL WORKERS
UNION, AFL-CIO, and SHANEQUA JOHNSON-
DUGGINS, Individually and as President of
LOCAL 51,

                Defendants.
-----------------------------------------------------------------X

**ORDER**

       The Court (a) having ordered that disclosure of Local 51 any audio/video recordings and/or the contents thereof produced by Local 51 shall be predicated upon a confidentiality order and compliance therewith by the parties, and (b) having directed the parties to submit a proposed confidentiality order,

       The parties having submitted such a proposal and the Court having reviewed the terms thereof,

       IT IS HEREBY ORDERED:

       1.    All Confidential Information produced or disclosed in this Action shall be used solely for the prosecution or defense (including any appeal therefrom) of the Action, and shall not be used for any other purpose.

       2.    When used in this **Order**, the term:

           "**Confidential Information**" means a) audio or video recordings of Local 51

1

Executive Board meetings, (b) audio or video recordings of Local 51 general membership meeting, (c) Local 51 treasurer's reports, and the contents of each of the foregoing for the period March 1, 2019 through and including November 30, 2019 and of any and all general membership and Executive Board meetings after November 14, 2019 at which Plaintiff's suspension from her position as an elected shop steward was discussed, and the contents thereof.

        3.      Protection of Confidential Material.

    (a)     General Protections. Confidential Information shall not be disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than for use in this litigation, including any appeal thereof.

    (b)     Limited Third-Party Disclosures. The parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        (1)     Counsel. Counsel for the parties, who will execute the attached Acknowledgment;

        (2)     Parties.  Plaintiff, Rita Patrick, Defendant Johnson-Duggins and Defendant Local 51, who will execute the attached Acknowledgment

        (3)     The Court and its personnel;

        (4)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions or trial;

        (5)     Witnesses at depositions. Witnesses in this action may be played a recording if, but only if, the recording is relevant to a permissible question and is reasonably

necessary to elicit the information sought during their depositions, subject to their prior execution of the attached Acknowledgment. Witnesses shall not be provided with a copy of any such audio or video recording.

   (6) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  (c) Control of Confidential Information. Counsel for the parties shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

  4. Use of Confidential Information at Trial. Nothing in this Order shall be construed to affect the use of the Confidential Information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of the Confidential Information at trial.

  5. No copy(ies) shall be made of any audio or video recording(s) disclosed or produced by Local 51.  Local 51 shall afford Plaintiff the opportunity to listen to or view audio/video recordings of the March to November 2019 Executive Board and general membership meetings, and other meetings at which Plaintiff's suspension was the subject of discussion, at a mutually agreed upon time and place.

  6. Obligations on Conclusion of Litigation. Order Continues in Force. Unless otherwise agreed or ordered, after dismissal or entry of final judgment not subject to further

appeal, all Confidential Information under this Order shall be returned to the producing party unless: (1) the information has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction to the extent practicable in lieu of return.

7. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party on a showing of good cause.  If the parties attach any part of these records to any pleading filed with the Court or divulge information obtained from them in any pleading filed with the Court, the pleadings containing this information shall be filed under seal.

8. Persons Bound. This Order shall take effect when made and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

9. No disclosure to any other person or individual of the contents of any audio or video recording produced by Local 51 shall be made by any party in this action or by any person or individual acting in concert with any such party.  Provided however, that nothing in this order shall be construed to prohibit a party or deposition witness from disclosing their own independent recollections of meetings they attended.

10. The terms of this Order shall be enforceable by one or more orders of contempt and/or such other Orders as the Court may deem appropriate.

**SO ORDERED.**

Date: 1/4/22
White Plains, New York

4

5

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌_____
Hon. Paul E. Davison
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RITA PATRICK,

                Plaintiff,

      -versus-

LOCAL 51, AMERICAN POSTAL WORKERS
UNION, AFL-CIO, and SHANEQUA JOHNSON-
DUGGINS, Individually and as President of
LOCAL 51,

                Defendants.
-------------------------------------------------------------------X

No. 19 CV 10715 (NSR) (PED)

## ACKNOWLEDGMENT

I, _____, declare as follows:

1.      I have read and am familiar with the Order dated \_\_\_\_\_, 2021, governing disclosure of Confidential Information ("Order").

2.      I understand that the Court has ordered that any Confidential Information shall be kept confidential and used only in the preparation of this matter for trial and any other pre-trial proceedings in this case and that I may not disclose, publish, or duplicate any Confidential Information other than under the limited conditions permitted in the Order.

3.      I agree to abide by all the terms of the Order and will not reveal or otherwise communicate to anyone any Confidential Information disclosed to me pursuant thereto except in accordance with the Order. I agree not to use any Confidential Information for any purpose other than the litigation of the above-captioned matter.

4.      I agree to return to producing counsel any and all documentation delivered to me under the terms of the Order and all copies thereof and to destroy any notes in my possession containing any Confidential Information covered by the terms of this Order.

5.	I acknowledge that the Order is binding on me.  I understand that if I do not comply with the Order, the Court may impose sanctions and/or attorneys' fees and costs as the Court may, after notice and an opportunity to be heard, deem appropriate.

I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____, 2021,


_____