UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rita Patrick, | |
| Plaintiff, | 19 Civ. 10715 (NSR)(PED) |
| - against - | **ORDER** |
| Local 51, American Postal Workers Union, AFL-CIO, and Shanequa Johnson-Duggins, Individually and as President of Local 51, | |
| Defendants. | |

**PAUL E. DAVISON, U.S.M.J.:**

Defendants move to strike certain allegations from Plaintiff's Amended Complaint. [Dkt. 133.] Plaintiff opposed [Dkt. 138], and Defendants filed a reply. [Dkt. 139.] For the reasons set forth below, Defendants' motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The Court assumes familiarity with the record. In brief, Plaintiff alleges that she was improperly suspended from her position as shop steward with Local 51, American Postal Workers Union, AFL-CIO (the "Union"). [Dkt. 123 at 10.] Plaintiff alleges that she was suspended from the position after she raised concerns regarding the mishandling of the Union's funds. [*See id.*]

On August 18, 2021, this Court issued a Memorandum and Order ("Memorandum & Order") that granted in part and denied in part Plaintiff's motion for leave to file an amended complaint and for special leave to assert a claim under Section 501 (b) of the Labor-Management Reporting and Disclosure Act ("LMRDA"). [Dkt. 98.] Defendants filed objections, and on November 3, 2021 Judge Román issued an Opinion and Order ("Opinion & Order") addressing

those objections. [Dkt. 122.] Notably, Judge Román held that Plaintiff had failed to show good cause for her breach of fiduciary duty claim under Section 501(b) of LMRDA, and dismissed that claim. [*Id.* at 15-16.] For similar reasons, Judge Román concluded that Plaintiff's claims related to Article 16 of the Union Constitution were futile, and dismissed them as well. [*Id.* at 14, 20.] Judge Román also dismissed, on futility grounds, Plaintiff's claims that Defendants violated certain provisions of the Union Constitution, in particular Article 10.1, Article 14, and Article 15.1. [*Id.* at 20-25.] Judge Román granted Plaintiff "leave to file an amended version of the Proposed Amended Complaint in accordance with this Order by November 18, 2021." [*Id.* at 25.] On November 16, 2021, Plaintiff filed an amended complaint. [Dkt. 123.]

## ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure states that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike under Rule 12(f) are "generally disfavored and should only be granted if there is a strong reason for so doing." *Guzman v. News Corp.*, 2011 WL 13340378, at *2 (S.D.N.Y. Apr. 26, 2011) . To prevail, the moving party must show that: "(1) no evidence in support of the allegation would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Id.* "Courts have found allegations to be prejudicial when they are amorphous, unspecific and cannot be defended against and where the allegations, if publicized, harm [the movant] in the public eye and could influence prospective jury members." *Low v. Robb*, 2012 WL 173472, at *9 (S.D.N.Y. Jan. 20, 2012).

Defendants move to strike three categories of allegations from Plaintiff's Amended

Complaint. [Dkt. 133.] First, Defendants move to strike reference to Section 501 of the LMRDA. [*Id.* at 2] Second, Defendants move to strike paragraphs 9(c), 9(f), 9(j), 9(l), 9(m), and 12 in their entirety. [*Id.*] Finally, Defendants move to strike portions of paragraphs 18, 21, 23, 25, 32, 50, and 57. [*Id.*] For the reasons discussed below, reference to Section 501 of the LMRDA in the introductory paragraph and paragraph 12 of the Amended Complaint are stricken. The balance of Defendants' motion is denied.

## A.       Reference to Section 501 of the LMRDA

Defendants argue that Plaintiff should not be able to assert that she "also, brings this action for the benefit of all members of [the Union] under § 501(b) of the LMRDA" in her introductory paragraph because such an allegation is in violation of Judge Román's order. [Dkt. 133 at 5.] Plaintiff does not rebut this, but simply asserts that Defendants have not met the standard for a motion to strike. [Dkt. 138 at 4-6.] Plaintiff's statement that she brings this action under § 501(b) of the LMRDA is indeed in violation of Judge Román's order. Judge Román's order explicitly dismissed Plaintiff's claims under § 501(b) of the LMRDA. [Dkt. 122 at 15-16.] Given that it is an allegation related to an already dismissed claim, it easily satisfies the first two prongs of the motion to strike standard, whereby evidence to support this allegation would not be admissible and this allegation has no bearing on Plaintiff's claims. In addition, this allegation is "amorphous, unspecific and cannot be defended against," and could influence prospective jurors. *Low*, 2012 WL 173472, at *9. It thus satisfies the third prong of prejudice. *Id.* Accordingly, the assertion in the introductory paragraph that references Section 501(b) of the LMRDA is struck.

## B.       Paragraphs 9(c), 9(f), 9(j), 9(l), 9(m), and 12

Defendants next argue that certain subsections of paragraph 9 and paragraph 12 should be

struck in their entirety. [Dkt. 133 at 2.] Specifically, Defendants argue that certain subsections of

paragraph 9 contain the provisions of the Union Constitution that relate to claims that Judge

Román has dismissed. [*Id.* at 5-6.] Defendants also argue that paragraph 12 should be struck in

its entirety because Plaintiff alleges that the Defendants are fiduciaries, which is another claim

that Judge Román has dismissed. [*Id.*] In response Plaintiff again only summarily asserts that

Defendants have failed to meet the motion to strike standard. [Dkt. 138 at 4-6.]

Defendants' argument that certain subsections of paragraph 9—specifically 9(c), 9(f),

9(j), 9(l), and 9(m)—should be struck is unpersuasive. Although these subsections are not related

to Plaintiff's revised claim, and no evidence in support of these allegations would be admissible,

Defendants have failed to show that they would be prejudiced by Plaintiff's inclusion of these

sections of the Union Constitution. The Union Constitution states what it states. Further, those

portions of the Union Constitution that Plaintiff has included would neither influence prospective

jurors, nor harm Defendants in the public eye. *Low*, 2012 WL 173472, at *9. Thus, paragraphs

9(c), 9(f), 9(j), 9(l), and 9(m) need not be stricken.

Defendants' argument with respect to paragraph 12 presents a different situation.

Paragraph 12 provides:

> In their capacity as Officers and the governing body of [the Union], Executive
> Board members, at all relevant times, occupied positions of trust related to [the
> Union] and its membership. In their fiduciary capacity, these officers are under a
> duty to account to [the Union] and to its members, for all funds that have come
> into their hands or have been disbursed by them or by other persons under
> authority from [the Union].

[Dkt. 123 at 4-5.] The paragraph does not explicitly invoke Section 501 of the LMRDA, but it

nonetheless seems to reference the fiduciary duty claim that the Opinion & Order explicitly

4

dismissed. [Dkt. 122 at 15-16.] Given that the claim was indeed dismissed, Plaintiff would not be able to introduce evidence to support this allegation and this allegation has no bearing on Plaintiff's remaining claims. Further, this allegation is "amorphous, unspecific and cannot be defended against," and would likely influence, if not confuse, prospective jurors. *Low*, 2012 WL 173472, at *9. Defendants have thus shown that they would be prejudiced if such a claim were allowed to remain in the Amended Complaint. Accordingly, paragraph 12 is stricken.

**C.     Paragraphs 18, 21, 23, 25, 32, 50, and 57**

Defendants next argue that portions of paragraphs 18, 21, 23, 25, 32, 50, and 57 should be struck because they refer to allegations regarding unauthorized payments that were dismissed by the Opinion & Order. [Dkt. 133 at 6.] Defendants specifically argue that the final three sentences of paragraph 18 be stricken.[1] Defendants further argue that the terms "without prior authorization as required by the Local 51 Constitution and By-Laws" and "without authorization" should be stricken from paragraph 21, the term "unapproved" should be stricken from paragraph 23, the terms "of two financial irregularities" and "without authorization" should be stricken from paragraph 25, the term "unauthorized" should be stricken from paragraph 32, and the terms "on improprieties" and "unauthorized" should be stricken from paragraph 57. [Dkt. 133 at 6.] Plaintiff argues that these allegations are "relevant and necessary to establishing Plaintiff's free

---

[1] The final three sentences of paragraph 18 provide:

> Between April 1, 2019 and October 3, 2019, Plaintiff learned that defendant Johnson-Duggins has obtained an ATM card connected to Local 51's bank accounts for her use. This was the first time that Local 51 obtained an ATM card connected to the Local's bank funds. Plaintiff also learned that the Treasurer was not provided with an ATM card for the bank.

[Dkt. 123 at 5.]

5

speech and due process causes of action under the LMRDA." [Dkt. 138 at 4.] I agree with Plaintiff. These allegations relate to her free speech and due process claims and explain Plaintiff's belief that the payments were unauthorized.

Given the Opinion & Order, evidence showing that the payments were unauthorized would not be admissible. However, these allegations relate to Plaintiff's claim that she was removed from her position as steward because she voiced her belief that the payments were unauthorized. Defendants thus have not shown that these allegations are wholly unrelated to Plaintiff's claims. Defendants have also failed to show prejudice. These allegations are not amorphous or unspecific, rather they relate to Plaintiff's free speech and due process causes of action. *Low*, 2012 WL 173472, at *9. Defendants can easily defend against them because the claim does not center on whether the payments were unauthorized, but rather on whether Plaintiff's belief that the payments were unauthorized and speech regarding it resulted in her being suspended from her position. *Id.* Further, it is not likely that such allegations would influence a jury because the focus of Plaintiff's claim will not be whether the payments are unauthorized but instead whether she was suspended for stating her belief that they were. *Id.* Thus, paragraphs 18, 21, 23, 25, 32, 50, and 57 will not be stricken.

Defendants also argue that the portion of paragraph 50 that states "Johnson-Duggins has failed and refused to hold membership and Executive Board members [sic] as required under the Local 51 constitution, and therefore" should be stricken because it is "immaterial to any claim asserted by Plaintiff or to any remaining issue in this matter." [Dkt. 133 at 7.] Defendants make no showing that permitting this allegation to stand would result in prejudice to the movant. Nor can they because it does not. This allegation may be amorphous or unspecific, but it would neither

6

harm Defendants if publicized, nor would it influence a jury. *Low*, 2012 WL 173472, at *9.

Accordingly, paragraph 50 will also remain.

## CONCLUSION

Accordingly, Defendants' motion to strike is **GRANTED** in part and **DENIED** in part.

Specifically, the final sentence of the introductory paragraph—"Plaintiff also, brings this action

for the benefit of all members of Local 51 of the American Postal Workers Union (APWU) under

§ 501(b) of the LMRDA."—and paragraph 12 in full are hereby stricken. Plaintiff shall file and

serve an amended complaint, without the stricken portions, on or before March 1, 2022. The

Clerk is respectfully directed to terminate the motion (Dkt. 133).

Dated: February 14, 2022
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge